# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| George Wayne Reid, ) | Civil Action No. 5:19-2636-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Warden, Federal Corr. Inst. Estill, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 34) recommending the Court grant Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Dkt. No. 27). For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Respondent's Motion for Summary Judgment.

**I.     Background**

Petitioner George Wayne Reid, proceeding *pro se*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner at Baltimore RRM, Washington, Maryland.[1]

On July 18, 2019, a disciplinary hearing officer ("DHO") at FCI held a hearing relating to an incident report citing Petitioner for violating Inmate Discipline Code sections 199, 112, 113, and 115 (Conduct which disrupts and interferes with the security or orderly running of a BOP facility; use of narcotics, marijuana, drugs, alcohol; possession of narcotics paraphernalia;

---

[1] At the time his petition was filed, Petitioner was incarcerated at the Federal Correctional Institution ("FCI") in Estill, South Carolina.

destroying of any item during a search). The DHO found Petitioner guilty of possession of drug paraphernalia and sanctioned Petitioner, *inter alia*, to 41 days disallowance of good conduct time. Petitioner timely appealed and exhausted appropriate administrative remedies.

Here, Petitioner asks that his incident report be expunged, and his good time restored. Petitioner alleges his due process rights were violated because (a) the DHO was not an impartial decision maker, (b) there was insufficient evidence to support a finding of guilty, and (c) the institution issued an untimely incident report. (Dkt. No. Nos. 1 at 8–11; 1-1 at 2).

On April 23, 2020, Respondent filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. (Dkt. No. 27). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. (Dkt. No. 28). Petitioner filed a timely response on May 26, 2020. (Dkt. No. 32).

On August 19, 2020, the Magistrate Judge issued an R & R recommending Respondent's motion be granted.[2] On August 19, 2020, a copy of the R & R was mailed to Petitioner at his last known address but returned as undeliverable on September 1, 2020. (Dkt. Nos. 35 & 36).[3] On September 2, 2020, a copy of the R & R was sent to Petitioner at Baltimore RRM, Washington, Maryland. Petitioner's objections, to the extent he had any, were due on or before September 16, 2020. To date, Petitioner has not filed objections to the R & R. Respondent's motion is fully briefed and ripe for disposition.

**II.     Legal Standard**

---

[2] The Magistrate Judge correctly construed Respondent's motion—which attached materials extrinsic to Petitioner's petition—as one for summary judgment.

[3] Though the Court had ordered Petitioner to keep the Court advised in writing if his address changed, (Dkt. No. 8 at 2), Petitioner did not alert the Court to his being transferred from FCI to FCI Lewisburg, Lewisburg, PA on or before April 24, 2020, (Dkt. No. 29), nor from FCI Lewisburg to Baltimore RRM, on or before August 19, 2020, (Dkt. No. 35).

### a. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects to. Fed. R. Civ. P. 72 (b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-cv-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). Petitioner did not file objections and the R & R is reviewed for clear error.

### b. Motion for Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020 WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in

support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

**III.    Discussion**

After review of the record and the R & R, the Court finds the Magistrate Judge accurately set forth the facts and legal principles in this case and therefore adopts the R & R in whole as the order of the Court.

First, the Magistrate Judge correctly determined that the DHO had sufficient evidence before her to find Petitioner was guilty of possession of drug paraphernalia. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454–56 (1985) (noting DHO findings revoking a prisoner's good time credit must be supported only by "some evidence in the record"); *Id.* (noting the "some evidence" standard is a lenient one, requiring no more than "a modicum of evidence," and is met if there is any evidence in the record that could support the decision).  While Petitioner contends otherwise, the Magistrate Judge correctly noted that the record before the DHO provided ample evidence regarding Petitioner's possession of drug paraphernalia. *See, e.g.*, DHO Report, (Dkt. No. 27-1 at 8, 10—15) (basing guilty finding on: (a) the reporting officer's incident report noting there was a smell of smoke in the cell and describing Petitioner sitting on the toilet, unresponsive with red eyes and slurred speech; (b) photographic evidence of the homemade pipe in the sink; (c) a staff memoranda noting the pipe was found in the sink which was in close proximity to Petitioner's head; and (d) Petitioner's inmate record which showed Petitioner had been found in possession of drugs or alcohol on two earlier occasions in similar circumstances).[4]

---

[4] Although Petitioner also argues that he did not timely receive an incident report, (Dkt. No.1-1 at 2), there is no due process requirement in *Wolff* that an incident report must be issued within any specific timeline. *Wolff v. McDonnell*, 418 U.S. 539, 564–66 (1974).  Even if Respondent failed to follow the Bureau of Prisons' policy, such a failure would not amount to a constitutional

4

Second, the Magistrate Judge correctly determined that Petitioner was afforded an impartial hearing. *See* (Dkt. No. 34 at 8-9).  Petitioner alleges the presiding DHO was not a neutral decisionmaker because she was purportedly the mother of nurse Alexis Chambers, who prepared a memorandum in his case.  The Magistrate Judge correctly observes, however, that the DHO Report explaining Petitioner's conviction nowhere relies on the memorandum allegedly drafted by Chambers. DHO Report, (*Id.* at 8).  Therefore, as the Magistrate Judge noted, Petitioner's conclusory allegations of constitutional error are not sufficient grounds for habeas relief. *See Nickerson v. Lee*, 971 F.2d 1125, 1135 (4th Cir. 1992), *abrogated on other grounds recognized by*, *Yeatts v. Angelone*, 166 F.3d 255, 261 n.4 (4th Cir. 1999); *see* R & R, (Dkt. No. 34 at 9) ("[T]he record establishes that although the DHO reviewed the memorandum prepared by Chambers, among other evidence, when evaluating the Petitioner's guilt, it does not appear the DHO solely relied on Chambers' memorandum in making her decision.  In fact, the evidence outlined to support the DHO's decision included the reporting officer's report, the photograph of the smoking device, the memoranda indicating the pipe was found in the sink by Petitioner's head, and Petitioner's history of possession of drugs.  Chambers' memorandum was not mentioned.") (internal citation omitted).

## IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 34) as the order of the Court and **GRANTS** Respondent's motion for summary judgment (Dkt. No. 27).

---

violation. *See United States v. Caceres*, 440 U.S. 741, 751–52 (1979) (finding that the violation of agency regulations did not raise any constitutional questions).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

September 21, 2020
Charleston, South Carolina